## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JEREMY K. SMITH,** | ) | |
| **SERGIO SALTER,** | ) | |
| **DAVID ROBERTSON,** | ) | |
| **DEVELL CURRY,** | ) | |
| **LISA NIEPERT,** | ) | |
| **BAYLEIGH HARTMAN,** | ) | |
| **MICHELLE WILLIAMS** | ) | |
| **and PATRICIA HOXSEY,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 17-cv-006-JPG** |
| | ) | |
| **BOND COUNTY JAIL,** | ) | |
| **and JEFF BROWN,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is, once again, before the Court for case management and for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. The action was originally filed on January 6, 2017 by eight detainees at Bond County Jail ("Jail") in Greenville, Illinois. (Doc. 1). The Court entered a preliminary order in this matter on February 2, 2017. (Doc. 7). In it, each plaintiff, aside from the lead plaintiff Jeremy Smith, was ordered to advise the Court in writing, no later than March 6, 2017, whether he or she wished to pursue his or her claims in group litigation. *Id.* Two of the original plaintiffs, Lisa Niepert[1] and Michelle Williams, have asked to remain parties to this group action. (*See* Docs. 14, 16). The remaining five plaintiffs failed to respond to the Court's preliminary order.

---

[1] Given discrepancies in the way Plaintiff Lisa Niepert's name is spelled in the Complaint, her name was at one point spelled incorrectly on CM/ECF. It has since been corrected to "Lisa Niepert," though some remaining docket entries may reflect the incorrect spelling of "Lisa Neipert."

As an initial matter, the Court concludes that joinder is not appropriate.  *See* FED. R. CIV. P. 20(a)-(b), 21; *Chavez v. Illinois State Police*, 251 F.3d 612, 632 (7th Cir. 2001).  Therefore, each remaining plaintiff will be required to pursue his or her claims in a separate action.  But before doing so, each remaining plaintiff must file an amended complaint in his or her separate case because the original complaint (Doc. 1) does not survive screening under 28 U.S.C. § 1915A.

## Background

The Complaint was filed by 8 individuals who were or are in custody at the Jail.  (Doc. 1)  Together, they set forth claims against the Sheriff of Bond County Illinois, Jeff Brown, and the Jail itself.  (Doc. 1, p. 1).  In the Complaint, the plaintiffs claim that there is black mold in the "bullpen" of the Jail as well as in the living areas of the female plaintiffs.  (Doc. 1, p. 3).  They also claim that "living in black mold is dangerous to their lives" and that they have symptoms of sneezing, coughing, headaches, nausea, and severe stomach cramps and diarrhea.  (Doc. 1, p. 3).  The plaintiffs seek monetary damages and permanent injunctive relief.  (Doc. 1, p. 4).

The Court entered a preliminary order in this matter on February 2, 2017. (Doc. 7).  There, the Court explained the difficulties associated with group litigation.  (Doc. 7, pp. 2-4).  The Court warned the plaintiffs of the risks and costs inherent in such proceedings.  *Id.*  Plaintiffs were then given an opportunity to withdraw from the group litigation.  *See Boriboune v. Berge*, 391 F.3d 852 (7th Cir. 2004).

Every plaintiff was ordered to advise the Court in writing whether he or she wished to continue as a plaintiff in the group action on or before March 6, 2017.  (Doc. 7, p. 6).  Any plaintiff who wanted to pursue his or her claims individually in a separate lawsuit was ordered to so advise the Court in writing by the same deadline, and the Court would sever that plaintiff's

claims into a new action and assess a filing fee in the severed case. *Id.* The plaintiffs were informed that the *only* way to avoid the obligation to pay a filing fee was to request dismissal from the action in writing by this deadline. The Court explicitly stated that "[a]ny plaintiff who simply does not respond to this Order on or before March 6, 2017 *will* be obligated to pay the filing fee and will also be dismissed from this action for want of prosecution and/or failure to comply with a court order under Federal Rule of Civil Procedure 41(b)." (Doc. 7, p. 7) (emphasis in original).

Plaintiffs **Lisa Niepert** (Docs. 15, 16) and **Michelle Williams** (Doc. 14) indicated that they wish to proceed together in this group litigation. Plaintiffs **Sergio Salter**, **David Robertson**, **Devell Curry**, **Bayleigh Hartman**, and **Patricia Hoxsey** failed to respond to the Court's order by the deadline, thereby triggering an obligation to pay the filing fee for this action despite being dismissed for want of prosecution and/or failure to comply with a court order under Federal Rule of Civil Procedure 41(b). Lead plaintiff **Jeremy Smith** was not required to respond in order to remain in this action. Below, the Court will discuss why group litigation of the plaintiffs' claims is inappropriate.

## Merits Review Under 28 U.S.C. § 1915A

The Complaint is now subject to preliminary review pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).   Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless.  *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility."  *Id*. at 557.  At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Based on the allegations of the Complaint, the Court finds it convenient to designate a single count in this *pro se* action.  The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

> **Count 1 –**     Unconstitutional conditions of confinement claim against defendants for subjecting plaintiffs to health risks from the black-mold contamination in the bullpen of the Jail and living areas of the female plaintiffs.

The Complaint does not survive review under § 1915A, and it shall be dismissed.  Any other intended claim that has not been recognized by the Court is considered dismissed with prejudice as inadequately pleaded under the *Twombly* pleading standard.

In a case involving conditions of confinement in a prison, two elements are required to establish a violation of the Eighth Amendment's cruel and unusual punishments clause.  First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  The second requirement is a subjective element—establishing a defendant's culpable state of mind, which is deliberate indifference to a substantial

4

risk of serious harm to the inmate from those conditions. *Farmer*, 511 U.S. at 837, 842. Likewise, for 'cruel and unusual punishment' claims brought by a pretrial detainee, the plaintiff must show that the jail officials knew that the plaintiff was at risk of serious harm, and that they disregarded that risk by failing to reasonably discharge the risk. *Grieveson v. Anderson*, 538 F.3d 763, 771-72, 777-79 (7th Cir. 2008).

A deprivation of a basic human need—food, medical care, sanitation, or physical safety—is necessary to establish the objective component of unconstitutional conditions of confinement claims. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981); *see also James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992). Notably, a claim may arise from exposure to mold that causes physiological problems. *See Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013) (allegations of exposure to mold, along with overcrowding, lack of adequate beds, broken windows, cracked toilets, a broken heating and cooling system, and denial of adequate recreation, stated claims under the Due Process Clause). Assuming the Complaint satisfies the objective component, though more detail regarding the constitutional deprivations would be advisable in amended pleadings, the allegations of the Complaint still focus entirely on the objective component of the claim.

To survive preliminary review, the Complaint must also satisfy the subjective requirement by suggesting that Brown exhibited deliberate indifference to the conditions of the plaintiffs' confinement. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). A plaintiff may not attribute any of his or her constitutional claims to a high-ranking official by relying on the doctrine of respondeat superior,

or vicarious liability; "the official must actually have participated in the constitutional wrongdoing." *Antonelli v. Sheahan*, 81 F.3d 1422, 1428 (7th Cir. 1996) (citing *Cygnar v. City of Chicago*, 865 F.2d 827, 947 (7th Cir. 1989)).  However, where a complaint describes potentially systemic conditions, such as those arising from a policy, custom, or widespread practice that results in a constitutional deprivation, the Court may infer personal knowledge on the part of a high-ranking official like Brown, as sheriff of Bond County.  *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Estate of Sims ex rel. Sims v. County of Bureau*, 506 F.3d 509, 514-15 (7th Cir. 2007).  *See also Doyle v. Camelot Care Centers, Inc.*, 305 F.3d 603, 615 (7th Cir. 2002) (allegations that an agency's senior officials were personally responsible for creating the policies, practices and customs that caused the constitutional deprivations suffice to demonstrate personal involvement).

The Court finds that the subjective component of this claim is not satisfied.  Brown is only mentioned in the statement of claim in the plaintiffs' assertion that "Sheriff Jeff Brown and the Bond County Jail are responsible for the safety and well-being of each and every inmate in custody." (Doc. 1, p. 3).  Plaintiffs do not allege that they took steps to put Brown on notice of the objectionable conditions or that they asked Brown to address the conditions.  Moreover, the Complaint includes no suggestion that Brown was aware of the conditions the plaintiffs faced, based on their systemic nature or a policy or custom of ignoring such complaints.

Bond County Jail is also named as a defendant but shall be dismissed from this action.  A jail is not a "person" under § 1983.  *Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012); *Powell v. Cook Cnty. Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993).  It is not a legal entity in the first place and is therefore not amenable to suit.  But even if the proper legal entity was named instead, the case law under § 1983 imposes additional hurdles to actions against

6

governmental agencies that the plaintiffs have not cleared.  *See, e.g.*, *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978).  Accordingly, the Jail shall be dismissed with prejudice from this case.

The plaintiffs' conditions of confinement claim against the defendants does not survive screening under § 1915A and shall be dismissed without prejudice.  Each remaining plaintiff will be granted leave to file an amended complaint in his or her case, according to the instructions and deadlines set forth in the disposition.

## Joinder of Parties

Before this matter proceeds, the Court must determine whether joinder of the parties is appropriate going forward.  Pursuant to Rule 20, district courts can accept joint complaints filed by multiple plaintiffs if the criteria for permissive joinder are satisfied.  *See* FED. R. CIV. P. 20; *Boriboune*, 391 F.3d at 855.  Rule 20 authorizes individuals to join as plaintiffs in bringing a single action, if: (A) they "assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; ***and*** (B) any question of law or fact common to all plaintiffs will arise in the action."  FED. R. CIV. P. 20(a)(1)(A)-(B) (emphasis added).

District courts are given "wide discretion . . . concerning the joinder of parties."  *See Chavez*, 251 F.3d at 632 (citing *Intercon Research Assoc., Ltd. v. Dresser Indus., Inc.*, 696 F.2d 53, 56 (7th Cir. 1982)).  The Seventh Circuit has held that "this discretion allows a trial court to consider, in addition to the requirements of Rule 20, 'other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness.'"  *Chavez*, 251 F.3d at 632 (quoting *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980)).  And if joinder would create "prejudice, expense, or

delay" the court may deny a request for joinder.  *Id.* (citation omitted).

The Court finds that joinder of the parties in a single action going forward is not appropriate.  How the alleged facts apply to each individual plaintiff is bound to differ, so each plaintiff's particular situation likely involves a unique "transaction, occurrence, or series of transactions or occurrences."  FED. R. CIV. P. 20(a)(1)(A).   For example, Smith, as a male, likely was never exposed to one of the two locations the Complaint alleges there was mold–the female inmates' living area.  This fact calls into question the level of Smith's mold exposure compared to Niepert and Williams.  Further, without allegations regarding Niepert's and Williams' specific exposure to the mold and general living conditions, there is no guarantee they suffered the same symptoms or the same degree of exposure to mold; one may have had mold throughout her cell while the other was exposed to a negligible amount the majority of the time.

Even if Rule 20 is satisfied, the Court can still require the plaintiffs to proceed separately with their claims if joinder would cause "prejudice, expense, or delay."  *See Chavez*, 251 F.3d at 632; FED. R. CIV. P. 20(b).  Allowing the plaintiffs to proceed together will foreseeably delay, complicate, and increase the costs of litigating otherwise straightforward claims, resulting in prejudice to the plaintiffs and defendants.  At the time of filing this lawsuit, the plaintiffs were in the Jail.  Soon after commencing the action, several of them seem to have transferred out of the Jail.  (*See* Docs. 9, 12, 13).  Smith, for example, no longer appears to be housed in the Jail, as mail sent from this Court to the Jail address provided by him was returned as undeliverable on February 22, 2017.  (Doc. 13).  The difficulties associated with group litigation are compounded by the fact that, of the three remaining plaintiffs, at least one, acting as the lead plaintiff, is now no longer housed under the same roof, hindering their ability to communicate, make decisions regarding litigation, prepare group pleadings, or respond to deadlines.   Given these

considerations, the Court finds that joinder is not appropriate going forward.

The Court looks to Rule 21 of the Federal Rules of Civil Procedure for guidance on how to proceed. Rule 21 provides that "[m]isjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The Court may also sever any claim against a party." FED. R. CIV. P. 21. Consistent with Rule 21, the Court shall enter an order in the disposition below that allows each remaining plaintiff to proceed in a separate action, as follows:

A. **Jeremy K. Smith**, who has been identified as the "lead plaintiff" in this case, shall proceed as the only plaintiff in this action going forward, and he shall be obligated to pay a filing fee for this action, or proceed *in forma pauperis* if his Motion for Leave to Proceed *in forma pauperis* (Doc. 2) is granted;

B. **Lisa Niepert** and **Michelle Williams** shall be terminated as plaintiffs in this action, and no filing fee for this action shall be assessed. New cases shall be opened for both of them. Each shall separately proceed with Count 1 in her newly-opened case, and each shall pay a filing fee in that case, or proceed *in forma pauperis* if her respective Motion for Leave to Proceed *in forma pauperis* is granted, whether or not she chooses to pursue her claims any further.

C. **Sergio Salter**, **David Robertson**, **Devell Curry**, **Bayleigh Hartman**, and **Patricia Hoxsey** shall be terminated as parties to this action for failure to prosecute their claims and/or respond to the Court's Order (Doc. 7) dated February 2, 2017. FED. R. CIV. P. 41(b). They shall remain obligated to pay a filing fee, but they shall not receive a "strike" under 28 U.S.C. § 1915(g). Their claims are considered dismissed with prejudice.

### **Pending Motions**

Plaintiff Smith has filed a Motion for Leave to Proceed *in forma pauperis* (Doc. 2), which will be addressed in a separate order of this Court in this action.

Plaintiff Michelle Williams has filed a Motion for Leave to Proceed *in forma pauperis* (Doc. 14), which will be addressed in a separate order of the Court in her respective case.

Plaintiff Lisa Niepert has filed a Motion for Leave to Proceed *in forma pauperis* (Doc. 15), which will be addressed in a separate order of the Court in her respective case.

**Disposition**

**IT IS HEREBY ORDERED** that plaintiffs **SERGIO SALTER**, **DAVID ROBERTSON**, **DEVELL CURRY**, **BAYLEIGH HARTMAN**, and **PATRICIA HOXSEY** are **TERMINATED** as plaintiffs in this action. Their claims are **DISMISSED** with prejudice for want of prosecution and/or for failure to comply with a court order under Federal Rule of Civil Procedure 41(b). This dismissal shall not count as a "strike" under 28 U.S.C. § 1915(g). However, each plaintiff remains obligated to pay the filing fee for this action.[2]

**IT IS FURTHER ORDERED** that the following additional plaintiffs are, for the reasons set forth above, **TERMINATED** as parties in this action: **LISA NIEPERT** and **MICHELLE WILLIAMS**. The Clerk is **DIRECTED** to open a new case for both of these plaintiffs, captioning them as follows and filing the following documents in each case (and any others listed below): (1) this memorandum and order; (2) the Complaint (Doc. 1); and (3) the preliminary order (Doc. 7):

    **A. LISA NIEPERT, Plaintiff v. JEFF BROWN, Defendant;[3] and**

    **B. MICHELLE WILLIAMS, Plaintiff v. JEFF BROWN, Defendant;[4]**

The Clerk is **DIRECTED** to change the caption of this case to: **JEREMY K. SMITH, Plaintiff v. JEFF BROWN, Defendant.** Only Plaintiff Smith will proceed in this action.

Each case shall be tracked so that it undergoes any further preliminary review under 28 U.S.C. § 1915A that is deemed necessary (including review of any amended complaints), if only

---

[2] Effective May 1, 2013, the filing fee for a civil case increased from $350.00 to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court. See Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14. A litigant who is granted IFP status, however, is exempt from paying the new $50.00 fee.

[3] In addition to those documents already listed, the Clerk is DIRECTED to file the following document in this case: (1) IFP Motion (Doc. 15).

[4] In addition to those documents already listed, the Clerk is DIRECTED to file the following document in this case: (1) IFP Motion (Doc. 14).

to allow for the entry of the orders addressing each plaintiff's pauper status, appointment of counsel, and other preliminary matters.

**IT IS FURTHER ORDERED** that the Complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted in this case and in each newly-severed case.

**IT IS FURTHER ORDERED** that defendant **BOND COUNTY JAIL** is **DISMISSED** with prejudice from this action.

Each plaintiff is **GRANTED** leave to file a "First Amended Complaint" in the case opened in his or her name **on or before April 14, 2017.** Should a plaintiff fail to file his or her First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, his or her entire case shall be dismissed with prejudice and he or she may incur a "strike." FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). The First Amended Complaint is subject to preliminary review pursuant to 28 U.S.C. § 1915A.

When each plaintiff prepares his or her First Amended Complaint, it is strongly recommended that he or she use the forms designed for use in this District for such actions. He or she should label the form, "First Amended Complaint," and he or she should use the case number for the action opened in his or her name. Only Plaintiff Jeremy Smith should use *this* case number.

The pleading shall present each claim in a separate count, and each count shall specify, by name, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that defendant. Each plaintiff should attempt to include the facts of his or her case in chronological order, inserting any defendant's name where necessary to identify the

11

actors. Plaintiffs should refrain from filing unnecessary exhibits. Each plaintiff should include only related claims in his or her new complaint. Claims found to be unrelated to one another, or unrelated to the conditions of confinement claim, will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed. To enable each plaintiff to comply with this order, the **CLERK** is **DIRECTED** to mail each remaining plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and each plaintiff must re-file any exhibits he or she wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Each plaintiff is further **ADVISED** that his or her obligation to pay the filing fee was incurred at the time this action was filed, thus the filing fee remains due and payable, regardless of whether the plaintiff elects to file an amended complaint in his or her case. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Plaintiffs Jeremy Smith, Sergio Salter, David Robertson, Devell Curry, Bayleigh Hartman, and Patricia Hoxsey will be assessed a filing fee in this action. Plaintiffs Lisa Niepert and Michelle Williams will be assessed filing fees in their new cases.

Finally, each plaintiff is **ADVISED** that he or she is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his or her whereabouts. This shall be done in writing

and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 17, 2017**

*s/J. Phil Gilbert*
United States District Judge