IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEREMY K. SMITH, | ) |
| SERGIO SALTER, | ) |
| DAVID ROBERTSON, | ) |
| DEVELL CURRY, | ) |
| LISA NEIPERT, | ) |
| BAYLEIGH HARTMAN, | ) |
| MICHELLE WILLIAMS | ) |
| and PATRICIA HOXSEY, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 17-cv-006-JPG |
| | ) |
| BOND COUNTY JAIL, | ) |
| and JEFF BROWN, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for case management. The Complaint (Doc. 1) was filed by 8 individuals who are in custody at Bond County Jail ("Jail") located in Greenville, Illinois. Together, they filed a complaint that sets forth claims against the Sheriff of Bond County Illinois, Jeff Brown, and the Jail itself. (Doc. 1, p. 1). They claim that there is black mold in the "bullpen" of the Jail as well as in the living areas of the female plaintiffs. (Doc. 1, p. 3). They also claim that "living in black mold is dangerous to their lives" and that they have symptoms of sneezing, coughing, headaches, nausea, and severe stomach cramps and diarrhea. (Doc. 1, p. 3).

All 8 plaintiffs named in the case caption signed the Complaint. (Doc. 1, p. 4). All of the plaintiffs have also signed what appears to be Plaintiff Smith's motion seeking leave to proceed *in forma pauperis* ("IFP") (Doc. 2). None of the plaintiffs aside from Plaintiff Smith have filed an IFP motion, nor have they paid their respective filing fees. Under the circumstances, the

1

Court deems it necessary to address several preliminary matters before completing a review of this case pursuant to 28 U.S.C. § 1915A.

## Group Litigation by Multiple Prisoners

Plaintiffs may bring their claims jointly in a single lawsuit if they so desire. However, the Court must admonish them as to the consequences of proceeding in this manner including their filing fee obligations, and give them the opportunity to withdraw from the case or sever their claims into individual actions.

In *Boriboune v. Berge*, 391 F.3d 852 (7th Cir. 2004), the Seventh Circuit addressed the difficulties in administering group prisoner complaints. District courts are required to accept joint complaints filed by multiple prisoners *if* the criteria of permissive joinder under Federal Rule of Civil Procedure 20 are satisfied. Rule 20 permits plaintiffs to join together in one lawsuit if they assert claims "arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to these persons will arise in the action." Nonetheless, a district court may turn to other civil rules to manage a multi-plaintiff case. If appropriate, claims may be severed pursuant to Rule 20(b), pretrial orders may be issued providing for a logical sequence of decisions pursuant to Rule 16, parties improperly joined may be dropped pursuant to Rule 21, and separate trials may be ordered pursuant to Rule 42(b). *Boriboune*, 391 F.3d at 854.

In reconciling the Prisoner Litigation Reform Act with Rule 20, the Seventh Circuit determined that joint litigation does not relieve any prisoner of the duties imposed upon him under the Act, including the duty to pay the full amount of the filing fees, either in installments or in full if the circumstances require it. *Id.* In other words, each prisoner in a joint action is required to pay a full civil filing fee, just as if he had filed the suit individually.

The Circuit noted that there are at least two other reasons a prisoner may wish to avoid group litigation. First, group litigation creates countervailing costs. Each submission to the Court must be served on every other plaintiff and the opposing parties pursuant to Federal Rule of Civil Procedure 5. This means that if there are ten plaintiffs, the plaintiffs' postage and copying costs of filing motions, briefs or other papers in the case will be ten times greater than if there was a single plaintiff.

Second, a prisoner litigating on his own behalf takes the risk that "one or more of his claims may be deemed sanctionable under Federal Rule of Civil Procedure 11." *Boriboune*, 391 F.3d at 854-55. According to the Seventh Circuit, a prisoner litigating jointly assumes those risks for all of the claims in the group complaint, whether or not they concern him personally. Furthermore, if the Court finds that the complaint contains unrelated claims against unrelated defendants, those unrelated claims may be severed into one or more new cases. If that severance of claims occurs, each plaintiff will be liable for another full filing fee for each new case. Plaintiffs may wish to take into account this ruling in determining whether to assume the risks of group litigation in the federal courts of the Seventh Circuit.

Because not every prisoner is likely to be aware of the potential negative consequences of joining group litigation in federal courts, the Seventh Circuit suggested in *Boriboune* that district courts alert prisoners to the individual payment requirement, as well as the other risks prisoner *pro se* litigants face in joint *pro se* litigation, and "give them an opportunity to drop out." *Id.* at 856. Therefore, in keeping with this suggestion, the Court offers all of the plaintiffs, other than Plaintiff Smith, whom it designates as the "lead" plaintiff[1] in this case, an opportunity to withdraw from this litigation before the case progresses further. Each plaintiff may wish to take

---

[1] This designation arises from the fact that Plaintiff Smith was the first plaintiff to sign the Complaint (Doc. 1), the first plaintiff listed in the case caption, the only Plaintiff listed in the "Parties" section of the Complaint, and the only Plaintiff to file an IFP motion (Doc. 2) thus far.

into consideration the following points in making his or her decision:

- He or she will be held legally responsible for knowing precisely what is being filed in the case on his or her behalf.

- He or she will be subject to sanctions under Federal Rule of Civil Procedure 11 if such sanctions are found warranted in any aspect of the case.

- He or she will incur a strike if the action is dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted.

- In screening the Complaint, the Court will consider whether unrelated claims should be severed and, if it decides severance is appropriate, he or she will be required to prosecute his or her claims in a separate action and pay a separate filing fee for each new action.

- Whether the action is dismissed, severed, or allowed to proceed as a group complaint, he or she will be required to pay a full filing fee, either in installments or in full, depending on whether he or she qualifies for indigent status under §§ 1915(b) or (g).[2]

In addition, if the plaintiffs desire to continue this litigation as a group, any proposed amended complaint, motion, or other document filed on behalf of multiple plaintiffs must be signed by each of the plaintiffs. As long as the plaintiffs appear without counsel in this action, each plaintiff must sign documents for himself or herself. *See Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 831 (7th Cir. 1986); FED. R. CIV. P. 11.[3] A non-attorney cannot file or sign papers for another litigant. Plaintiffs are **WARNED** that future group motions or pleadings that do not

---

[2] Effective May 1, 2013, the filing fee for a civil case was increased to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court. *See* Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14. A litigant who is granted IFP status, however, is exempt from paying the new $50.00 fee and must pay a total fee of $350.00.

[3] Rule 11 states, in pertinent part: "Every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." FED. R. CIV. P. 11(a). Moreover, a prisoner bringing a *pro se* action cannot represent a class of plaintiffs. *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding it would be plain error to permit imprisoned *pro se* litigant to represent his fellow inmates in a class action).

comply with this requirement shall be stricken pursuant to Rule 11(a).

### Motions to Amend Complaint and Add Plaintiff

On January 17, 2017, Robert E. Allen, who is not a party to this action but is also in custody at the Jail, filed a Motion to Amend Complaint (Doc. 4) and a Motion to Add Plaintiff (Doc. 5) in this case.  None of the plaintiffs signed either of Mr. Allen's motions.  Because each of the plaintiffs must sign any proposed amended complaint, motion, or other document filed on behalf of multiple plaintiffs, and the plaintiffs signed neither motion, Mr. Allen's Motion to Amend Complaint (Doc. 4) and Motion to Add Plaintiff (Doc. 5) are hereby **DENIED** pursuant to Rule 11 of the Federal Rules of Civil Procedure.  *Boriboune*, 391 F.3d at 855 ("Rule 11 requires all unrepresented plaintiffs to sign the complaint").  The **CLERK** is **DIRECTED** to: (1) **REMOVE** Mr. Allen[4] as a party on CM/ECF and (2) **SEND** a copy of this Order to him.

One January 30, 2017, Plaintiff Salter filed a "Motion to Amend #2" (Doc. 6) seeking to add as plaintiffs to this case Jeffrey A. Rasler II, Charles A. Braggs, and John Moore.  (Doc. 6, p. 1).  Plaintiff Salter was the only plaintiff to sign this Motion (Doc. 6).  Therefore, pursuant to Rule 11 of the Federal Rules of Civil Procedure, Plaintiff Salter's "Motion to Amend #2" (Doc. 6) is hereby **DENIED**.  If plaintiffs desire to add Mr. Allen, Mr. Rasler, Mr. Braggs, and Mr. Moore (collectively, the "Proposed Plaintiffs") as plaintiffs to this lawsuit, they may file an Amended Complaint, signed by all of the plaintiffs in this action as well as the Proposed Plaintiffs, that includes the Proposed Plaintiffs in the case caption.  If plaintiffs choose to file an Amended Complaint, they must comply with the instructions articulated in the disposition and the applicable rules for doing so, including Local Rule 15.1.

---

[4] Mr. Allen was tagged as "Intervenor" in this case on CM/ECF.  Because Mr. Allen actually sought to be included as a Plaintiff, and did not pursue intervention pursuant to Rule 24 of the Federal Rules of Civil Procedure, he will be removed as a party on CM/ECF unless and until he is appropriately added as a party.

**Disposition**

**IT IS HEREBY ORDERED** that each named plaintiff (other than Plaintiff Smith) shall advise the Court in writing on or before **March 6, 2017**, whether he or she wishes to continue as a plaintiff in this group action. If, by that deadline, any non-lead plaintiff advises the Court that he or she does *not* wish to participate in the action, he or she will be dismissed from the lawsuit and will *not* be charged a filing fee for this action.[5]   **This is the *only* way to avoid the obligation to pay a filing fee for this action.**

**IT IS ALSO ORDERED** that if any plaintiff wants to pursue his or her claims individually in a separate lawsuit, he or she shall so advise the Court in writing, and his or her claims shall be severed into a new action where a filing fee *will* be assessed.

**IT IS FURTHER ORDERED** that each plaintiff who chooses to continue as a plaintiff either in this action or in a severed individual case, is hereby **ORDERED** to pay his or her filing fee of $400.00 or file a properly completed IFP Motion on or before **March 6, 2017**. When a plaintiff files an IFP Motion, the Court must review that plaintiff's trust fund account statement for the six month period immediately preceding the filing of this action. Thus, each plaintiff must have the Trust Fund Officer at his facility complete the attached certification and provide a copy of his or her trust fund account statement (or institutional equivalent) for the period 7/5/2016 to 1/5/17. This information should be mailed to the Clerk of Court at the following address: United States District Court – Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois 62201.

Failure to submit a properly completed IFP Motion does *not* relieve that plaintiff of the obligation to pay a filing fee, unless he or she also submits timely written notice that he or she

---

[5] As the lead Plaintiff, Plaintiff Smith may choose to voluntarily dismiss or sever his claims, but may not escape his obligation to pay the filing fee for this action, which was incurred when the action was filed. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467-68 (7th Cir. 1998).

does not intend to proceed with the action.  **Any plaintiff who simply does not respond to this Order on or before March 6, 2017 *will* be obligated to pay the filing fee and will also be dismissed from this action for want of prosecution and/or for failure to comply with a court order under Federal Rule of Civil Procedure 41(b).**

Plaintiffs are **GRANTED** leave to file a "First Amended Complaint" for the purpose of adding any or all of the Proposed Plaintiffs on or before **March 6, 2017.**  Should plaintiffs fail to file this First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the case shall proceed without the Proposed Plaintiffs with whichever plaintiffs remain in this case.  If any Proposed Plaintiff is added to this case, he will be obligated to pay a filing fee of $400.00 or file a properly completed IFP Motion, along with the required trust fund account information and Trust Fund Officer certification.  This Court will assume any Proposed Plaintiff that joins this action is aware of the potential drawbacks of joining group litigation in federal courts outlined in this Order.

Should plaintiffs decide to file a First Amended Complaint, it is strongly recommended that they use the forms designed for use in this District for such actions.  They should label the form, "First Amended Complaint," and they should use the case number for *this* action (*i.e.* 17-cv-006-JPG).  The pleading shall present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that defendant and each plaintiff these actions were taken against.  Plaintiffs should attempt to include the facts of the case in chronological order, inserting each defendant's name where necessary to identify the actors.  Plaintiffs should refrain from filing unnecessary exhibits.  Plaintiffs should *include only related claims* in the new complaint.  Claims found to be unrelated to the Eighth Amendment deliberate indifference and conditions of

confinement claims will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and plaintiffs must re-file any exhibits they wish the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

In addition, plaintiffs are again **WARNED** that future group motions or pleadings that do not comply with the group pleading requirements discussed herein shall be stricken pursuant to Rule 11(a).

The **CLERK** is **DIRECTED** to send a copy of this Order to each of the named plaintiffs, as well as Robert E. Allen, and to enclose a blank form IFP Motion and trust fund account certification form for each plaintiff except Plaintiff Smith. The **CLERK** is also **DIRECTED** to enclose a blank civil rights complaint form for Plaintiff Smith, as lead Plaintiff, to enable plaintiffs to file a First Amended Complaint if they so desire.

Plaintiffs are **ADVISED** that the Complaint is currently awaiting preliminary review by the Court pursuant to 28 U.S.C. § 1915A, and it has not yet been served on the defendants. Further action by the plaintiffs is required before the Court can complete its preliminary review of this matter under 28 U.S.C. § 1915A. When this review is completed, a copy of the Court's order will be forwarded to each plaintiff who remains in the action.

Plaintiffs are further **ADVISED** that each of them is under a continuing obligation to

keep the Clerk of Court and each opposing party informed of any change in his or her address; the Court will not independently investigate a plaintiff's whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: February 2, 2017**

*s/J. Phil Gilbert*
United States District Judge